UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANDA HIGGS,<br>Plaintiff,<br>v.<br>MONTEREY MECHANICAL CO.,<br>Defendant. | Case No. 25-cv-05267-JST<br><br>**ORDER DENYING MOTION FOR REMAND AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: ECF Nos. 25, 26 |

Before the Court are Plaintiff Jovanda Higgs's motion to remand and Defendant Monterey Mechanical's motion for judgment on the pleadings in a representative wage and hour action brought under California's Private Attorneys General Act ("PAGA"). ECF Nos. 25, 26. The applicable collective bargaining agreement ("CBA") waives PAGA claims. Under California Labor Code Section 2699.6(a), that waiver is valid. Higgs's sole claim, brought under PAGA, is therefore barred. It is also preempted by the Labor Management Relations Act ("LMRA"). *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019). Most of Higgs's subclaims are also barred and/or preempted for additional reasons set forth in this order. Accordingly, the Court denies the motion to remand and grants the motion for judgment on the pleadings.

## I. BACKGROUND

Higgs filed the complaint in Alameda County Superior Court on February 24, 2025. ECF No. 1 at 26. She brings a sole claim under PAGA individually and in a representative capacity, alleging violations of California labor law. *Id.* at 36–37. Specifically, she alleges (1) failure to pay for all hours worked, including minimum wages, straight time, and overtime wages, in violation of California Labor Code Sections 510, 1194, and 1198; (2) failure to provide meal periods; (3) failure to authorize and permit rest breaks; (4) failure to pay all earned wages twice

per month in violation of Labor Code Section 204; (5) failure to maintain accurate records of hours worked and meal periods in violation of Labor Code Section 1174 and California Industrial Welfare ("IWC") Commission Order Section 7(A)(3); (6) failure to timely pay all wages at termination in violation of Labor Code Sections 201 and 202; (7) failure to furnish accurate itemized wage statements in violation of Labor Code Section 226(a); and (8) failure to indemnify employees for necessary expenditures in violation of Labor Code Sections 2802 and 2699(f)(2). *Id*. at 30–36.

On June 23, 2025, Monterey Mechanical filed a notice of removal in this Court. ECF No. 1. On October 10, 2025, Higgs filed a motion to remand. ECF No. 25. Monterey Mechanical opposed on October 24, 2025, ECF No. 28, and Higgs replied on October 31, 2025, ECF No. 29. Monterey Mechanical simultaneously filed a motion for judgment on the pleadings on October 10, 2025, ECF No. 26, which Higgs opposed on October 24, 2025, ECF No. 27. Monterey Mechanical replied on October 31, 2025. ECF No. 30. The two motions raise identical issues of LMRA preemption, focusing particularly on certain statutory bars to Higgs's claims.

## II. JURISDICTION

Monterey Mechanical asserts federal jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

### A. Remand

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is warranted when the alleged facts, taken as true and construed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. *See Hoeft v. Tucson Unified Sch. Dist.*,

967 F.2d 1298, 1301 n.2 (9th Cir. 1992).

**C. LMRA Preemption**

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 28 U.S.C. § 185. "[T]he Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Section 301 therefore "preempts 'any state cause of action for violation of contracts between an employer and a labor organization.'" *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088 (9th Cir. 2025) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983)). "Although normally federal preemption is a defense that does not authorize removal to federal court, [Section] 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim'" that may be removed to federal court. *Curtis*, 913 F.3d at 1152 (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)).

The Ninth Circuit prescribes a two-step process for evaluating LMRA preemption. Section 301 "preempts a plaintiff's state law claim only where the claim (1) 'arises entirely from' a collective bargaining agreement or (2) 'requires interpretation of' the agreement." *Renteria-Hinojosa*, 150 F.4th at 1088 (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc)); *see also Burnside v. Kiewit Pac. Corp.*, 491 F 3d. 1053, 1059 (9th Cir. 2007).

At the first step of this test, courts "evaluate the 'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Alaska Airlines*, 898 F.3d at 920–21 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). If "the CBA is the 'only source' of the right," then the claim is preempted by Section 301. *Id.* at 921 (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258 (1994)). Where the right is conferred upon

the employee by state law, the court "proceed[s] to the second step and ask[s] 'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016)). "'[I]nterpretation' is construed narrowly in this context" and "a state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Id*. At this step, "claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Alaska Airlines*, 898 F.3d at 921 (quoting *Livadas*, 512 U.S. at 124).

"[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas*, 512 U.S. at 123. As such, "'[s]etting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Curtis*, 913 F.3d at 1152 (quoting *Alaska Airlines*, 898 F.3d at 919–20). At the same time, courts do not "elevate form over substance and allow parties to evade the requirements of § 301 by relabeling" their CBA claims as state law claims. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

## IV. REQUESTS FOR JUDICIAL NOTICE

Monterey Mechanical requests the Court take judicial notice of the governing CBA. ECF No. 26-2. "Courts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption." *Johnson v. Sky Chefs, Inc.*, 2012 WL 4483225 at *1 n.1 (Sep. 27, 2012 N.D. Cal.) (granting request for judicial notice of CBA at motion to dismiss stage); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1193 (C.D. Cal. 2015) ("Because the 2015 CBA forms the basis for Live Nation's argument that certain of plaintiffs' claims are completely preempted by the LMRA, the court can consider it in deciding the motions"); *Jones v. AT&T*, 2008 WL 902292 at *2 (N.D. Cal. Mar. 31, 2008) (taking judicial

notice of a CBA because the CBA was "not subject to reasonable dispute" and was "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

Higgs objects, asserting that she did not incorporate the CBA by reference into her complaint. ECF No. 27 at 8–9. The Court does not rely on the doctrine of incorporation by reference in granting Monterey Mechanical's request for judicial notice. The request for judicial notice of the Carpenter's CBA is granted.

Higgs also seeks judicial notice of court filings and court orders in other wage and hour actions. ECF Nos. 25-1, 27-1. Court filings are the proper subject of judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). However, "[t]he court declines to take judicial notice of the orders appearing on the docket in these cases, as 'judicial notice is not required for the court to consider the cited opinions as matters of law and potentially persuasive precedents.'" *Shahbaz v. Arista Networks, Inc.*, No. 2:24-CV-00431-DAD-SCR, 2024 WL 4368253, at *3 (E.D. Cal. Oct. 1, 2024) (quoting *Phillips v. Nat'l City Bank of Ind. First Franklin Div.*, 462 F. App'x 666, *1 n.1 (9th Cir. 2011)). Higgs's request for judicial notice is therefore granted in part and denied in part.

## V. DISCUSSION

### A. Statutory Exemptions

Because Higgs states her claims under the California Labor Code rather than the CBA, much of the dispute between the parties concerns the interaction between LMRA preemption and Labor Code provisions exempting certain workers from the coverage of the statute. If a plaintiff's Labor Code claims are barred by the Labor Code itself—if the Labor Code provides no remedy, but the CBA does—are those Labor Code claims preempted under Section 301? In *Curtis*, the Ninth Circuit held that the answer is "yes."

*Curtis* addressed claims that the defendant violated California Labor Code Section 510(a), which provides a specified rate of pay for work performed in excess of a specified number of hours. 913 F.3d at 1153. The court held that Curtis's unpaid overtime argument failed "in light of [S]ection 510(a)(2), which provides that the 'requirements of this section do not apply to the

payment of overtime compensation to an employee working pursuant to . . . [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.'"[1] *Id.* "[I]f Curtis's CBAs in this case meet the requirements of [S]ection 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under [Section] 301." *Id.* at 1154 (quoting *Kobold*, 832 F.3d at 1032).

Curtis, like Higgs, did not raise claims under the CBA. *Id.* at 1150. Like Higgs, he stated his claims in terms of state law. *Id.* But the fact that Curtis had "style[d]" his claims under state law did not prevent the Ninth Circuit from taking a closer look at the complaint, determining that the state law claims were not viable, and concluding that the underlying rights and injuries—there, unpaid overtime—could only be redressed through the CBA. *Id.* at 1151, 1154. So too here. This Court is bound by *Curtis* to determine whether Higgs's state law claims are precluded by the applicable state law. If so, then the rights she alleges the defendant violates "'exist[] solely as a result of the CBA' and therefore [are] preempted" under step one of the LMRA preemption analysis. *Id.* at 1154.

In arguing that statutory exemptions do not render her claims preempted by the LMRA, Higgs relies primarily on *Vasserman v. Henry Mayo Newhall Memorial Hospital*, 65 F. Supp. 3d 932 (C.D. Cal. 2014). ECF No. 25 at 9–10; ECF No. 29 at 7–8. Foreshadowing the argument that would be adopted by the *Curtis* court, the defendant in *Vasserman* argued that because Labor Code Section 514 applied to the plaintiff, the overtime protections contained in Section 510 did not, and Vasserman's overtime rights could "only arise from interpretation of the CBA." *Id.* at 953. Rejecting the defendant's argument, the *Vasserman* court concluded that Section 514 is affirmative defense whose application would not "alter the substance" of Vasserman's claim—transforming a state claim into a federal one—but rather bar it entirely. *Id.* at 954. Because "Vasserman specifically and repeatedly pleads violations of state law, not a violation of the CBAs

---

[1] Section 514 provides that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

United States District Court
Northern District of California

or right[s] they provide," the court determined that his claims were not preempted. *Id.* Of course, this outcome is in direct conflict with the outcome in *Curtis*, which would be decided several years later.

In the years since *Curtis*, numerous district courts have followed it to treat statutory exemptions like Section 514 as establishing LMRA preemption, finding expressly that *Vasserman* is no longer good law. *See, e.g.*, *Tejeda v. Vulcan Materials Co.*, No. 23-CV-00619-JCS, 2024 WL 3642403, at *16 (N.D. Cal. Aug. 1, 2024) (collecting cases and noting that "[f]ollowing *Curtis*, courts in this district have concluded that the *Vasserman* line of cases is no longer good law on this point"); *Carrillo v. Monterey Mech. Co.*, No. 24-CV-09202-LJC, 2025 WL 1642423, at *8 (N.D. Cal. June 10, 2025) (characterizing *Curtis*'s holding as "clear" that California Labor Code claims subject to statutory exemptions are preempted at step one of the LMRA analysis). These courts understand *Curtis* to hold that Section 301 "converts" state law claims into federal claims, that, regardless of the state statutory provision under which they were asserted, "as a matter of law instead arise under the CBA." *Carrillo*, 2025 WL 2615064, at *7.[2]

[2] The Court is also aware of at least two peers in this district who have declined to follow *Curtis*. *See Cortes v. Mass Elec. Constr. Co.*, No. 25-CV-06714-JSC, 2025 WL 3685194, at *4 (N.D. Cal. Dec. 18, 2025); *Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696, 705 (N.D. Cal. 2025). These courts note—persuasively—that *Curtis* is in tension with prior Ninth Circuit and Supreme Court precedent suggesting that affirmative defenses are not relevant to the preemption analysis. *See Cortes*, 2025 WL 3685194, at *5 (citing *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005 (9th Cir. 2018) ("A defendant can't rely on a CBA as an aspect of her defense simply to inject a federal question into an action that asserts what is plainly a state-law claim.")); *Hernandez*, 794 F. Supp. 3d at 705 (citing *Caterpillar*, 482 U.S. at 398 ("[T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule."). They also explain that *Curtis* dealt with claims under the Outer Continental Shelf Lands Act, which provides that "state laws that are 'applicable and not inconsistent' with federal law are 'federalized.'" *See Hernandez*, 794 F. Supp. 3d at 705. "So even though Curtis's claims were premised on California's minimum wage and overtime statutes, the claims were in truth federal claims that merely incorporated the substantive standards of California law." *Id.* Moreover, the Supreme Court subsequently held that California's minimum wage and overtime laws do not apply on the Outer Continental Shelf, rendering *Curtis*'s analysis "of limited value." *Id.* *Hernandez*'s observation that Curtis's claims "were in truth federal claims" does not appear to have influenced the outcome of the *Curtis* opinion, which was directed to the interaction between LMRA § 301, California Labor Code § 514, and Curtis's "qualifying" CBA and not to any provision of the Outer Continental Shelf Lands Act. This Court considers itself bound to follow the unambiguous language from *Curtis*, as several panels of the Ninth Circuit have also done. *See Cooper v. Applied Integrated Techs., Inc.*, 798 F. App'x 167, 168 (9th Cir. 2020); *Marquez v. Toll Global Forwarding*, 804 Fed. App'x 679, 680 (9th Cir. 2020).

Higgs also attempts to distinguish *Curtis* on the grounds that she does not allege "that the CBA provisions violated California law" or "that Defendant failed to pay her in compliance with the CBA." ECF No. 25 at 11. Her complaint "simply alleges that Defendant did not comply with various provisions of California labor law." *Id*. But the same can be said of Curtis's complaint, which stated claims under California labor law apparently without reference to the CBA. 913 F.3d at 1150. Moreover, for a worker asserting labor claims under state law that are also covered by a CBA, those claims will *necessarily* either violate a CBA that complies with the law or comply with a CBA that violates the law. In other words, Higgs's essentially argues that because she did not mention the CBA, *Curtis* does not apply. But of course, *Curtis* rejected just that approach to LMRA preemption. 913 F.3d at 1151, 1155 (observing that although "style[d] as state law claims," Curtis's claims are preempted under Section 301).

Higgs does not attempt to argue that the logic of *Curtis* does not extend to the statutory exemptions at issue here, which the Court will discuss shortly. Nor could she. As another district court in this circuit concluded, "[t]hough *Curtis* only considered overtime pay, its logic applies with equal force" to other statutory rights and "when an employee is exempt from the statute's protections" providing a certain right, that right "'exists solely as a result of the CBA.'" *Jones v. Sysco Ventura Inc.*, No. 2:21-CV-04116-SVW-AGR, 2021 WL 6104193, at *7 (C.D. Cal. Sept. 1, 2021) (quoting *Marquez v. Toll Global Forwarding*, 804 Fed. App'x 679, 680 (9th Cir. 2020)).

**1. California Labor Code Section 2699.6(a) (Entirety of PAGA Claim)**

Monterey Mechanical argues that the entirety of Higgs's sole claim under PAGA is barred by California Labor Code Section 2699.6(a) because the applicable CBA contains a valid and enforceable PAGA waiver. ECF No. 28 at 6. In light of this statutory bar, "Plaintiff's claims do not arise out of state labor law but rather from the CBA, which would require the claims to be brought under [S]ection 301 of the LMRA." *Id*. Under *Curtis*, Higgs's sole claim is therefore preempted by the LMRA. Higgs cannot establish that remand is warranted and Monterey Mechanical is entitled to judgment on the pleadings.

An employee's right to bring representative PAGA claims is generally unwaivable in California under Civil Code Section 1668, which renders unenforceable contracts exempting

parties from liability for their own fraud or unlawful conduct, and Section 3513, which prohibits private agreements contravening "law established for a public reason." *See Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 383 (2014), *overruled by Quach v. California Com. Club, Inc.*, 16 Cal. 5th 562 (2024), *and abrogated by Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022). However, in enacting Labor Code Section 2699.6, "the Legislature carved out an exception to the rule prohibiting contractual waivers of PAGA suits" applicable to the construction industry. *Oswald v. Murray Plumbing & Heating Corp.*, 82 Cal. App. 5th 938, 943 (2022).

Section 2699.6(a) exempts construction workers from PAGA if they are covered by a CBA "that expressly provides for the wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum wage rate," Cal. Lab. Code § 2699.6(a), and that "(1) has a grievance and arbitration procedure to redress Labor Code violations; (2) clearly waives PAGA; and (3) authorizes the arbitrator to award all remedies available under the Labor Code," *Oswald*, 82 Cal. App. 5th at 941; *see also* Cal. Lab. Code § 2699.6(a)(1)–(3).

Monterey Mechanical argues that each of the Section 2699.6(a) prerequisites is met: Higgs was employed in the construction industry and paid more than 130% of the applicable minimum wage. ECF No. 28 at 9. Her labor was governed by the Carpenter's CBA, which expressly provides for wages, hours, and working conditions, as well as premium wage rates for overtime hours. *Id*. The CBA has arbitration provisions to redress Labor Code violations and clearly waives PAGA claims. *Id*.

Higgs does not contest that the Section 2699.6(a) requirements are satisfied. Rather, she responds in a conclusory fashion that PAGA waivers are unconscionable and unenforceable, but avers that "this is not the correct forum to be making such an argument, and it is not relevant to preemption." ECF No. 29 at 6–7. In her motion to remand, reply, and opposition to the motion for judgment on the pleadings, Higgs offers no further support for her argument that the PAGA

waiver is unconscionable.[3] The Court therefore cannot consider it.

Because Monterey Mechanical has successfully argued that Section 2699.6(a) bars Higgs's sole PAGA claim and renders it preempted under *Curtis*, the motion for remand is denied and judgment on the pleadings granted. The Court proceeds to evaluate the remaining arguments raised in the motion for remand and the motion for judgment on the pleadings, which provide additional reasons to deny the former and grant the latter.

**2. Section 514 (Overtime Subclaim)**

Monterey Mechanical also argues that Higgs's "PAGA claim is derivative of alleged state law violations which are separately preempted by Section 301 of the LMRA, and thus, subject to dismissal under Section 301." ECF No. 28 at 7. Indeed, a PAGA claim based on preempted state law claims is preempted under the LMRA. *See Liu v. Sealy, Inc.*, No. 2:25-CV-01215-MEMF-AS, 2025 WL 1357281, at *6 (C.D. Cal. May 9, 2025) (" . . . Plaintiffs' PAGA claim is preempted under Section 301 when the underlying Labor Code claims are preempted." (citing *Curtis*, 913 F.3d at 1150 n.3)).

Monterey Mechanical asserts that Higgs's overtime subclaims are barred by Section 514—the provision at issue in *Curtis*—which applies "because the Carpenters CBA (1) expressly provides for the wages, hours of work, and working conditions of the employees, (2) provides premium wage rates for all overtime hours worked; and (3) provides a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." ECF No. 28 at 13–14.

In response, Higgs attempts to distinguish *Curtis* because she contests the applicability of the statutory exemption. *See* ECF No. 25 at 10 ("[U]nlike in *Curtis*, Plaintiff here does not concede the applicability of [Section 514].") As a preliminary matter, this argument is perplexing because Higgs does not in fact argue that the provisions of the Carpenters CBA are insufficient to

[3] In fact, this argument is raised for the first time in the reply, even though Monterey Mechanical's reliance on the PAGA waiver was clearly presented in the notice of removal. ECF No. 1 at 13; *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that courts "need not consider arguments raised for the first time in a reply" when they could have been raised in the opening brief).

satisfy Section 514.[4]

In any case, Higgs has also not explained why it matters whether the applicability of a statutory exemption is uncontested. She cites *Zamora v. Overhill Farms, Inc.*, No. 219CV03891VAPAFMX, 2019 WL 3942961, at *4 n.3 (C.D. Cal. Aug. 21, 2019), which declined to follow *Curtis* but did not explain why the plaintiff's concession that a statutory exemption applied provides a basis for doing so. To this Court's eye, as long as the defendant can establish that an exemption applies, the plaintiff's concession or opposition is irrelevant to the analysis prescribed by *Curtis*. This is so because *Curtis* held that the applicability of a statutory exemption renders Labor Code claims preempted at step one, concerning whether the right arises out of the CBA. 913 F.3d at 1155. If the exemption applies, the right arises from the CBA. Whether an exemption is contested *could be* relevant to step two, concerning whether the claim requires significant interpretation of the CBA, but again, *Curtis*'s holding is at step one.

Given the unmistakable applicability of *Curtis*, Higgs's subclaims for overtime are barred by Section 514 and preempted by the LMRA. *See Parker v. Cherne Contracting Corp.*, No. 18-cv-01912-HSG, 2019 WL 359989, at *5 (N.D. Cal. Jan. 29, 2019).

**3. Section 512(e) (Meal Period Subclaim)**

Monterey Mechanical argues that Higgs's meal break claims are preempted because the Labor Code Section 512(e) exemption applies. Section 512(e) exempts employees from statutory meal break requirements who are covered by a valid CBA that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 512(e)(2); *see Giles v. Canus Corp.*, No. 22-CV-03097-MMC, 2022 WL 3370793, at *5 (N.D. Cal. Aug. 16, 2022). Citing the CBA, Monterey Mechanical asserts that these conditions are

---

[4] Higgs does state in her reply brief to the motion to remand that "Plaintiff's overtime claim does not fall within the exemption," but she provides no further explanation and does not engage with Monterey Mechanical's argument to the contrary. ECF No. 29 at 8.

satisfied. ECF No. 28 at 15.

Rather than disputing whether the exemption applies, Higgs responds only that statutory exemptions are affirmative defenses that do not engender LMRA preemption under *Vasserman*. ECF No. 25 at 13; ECF No. 29 at 10. For the reasons the Court has explained, *Vasserman* is no longer good law. Where the plaintiff's claims are exempted from the coverage of a statutory right, the right can only arise from the CBA. *Curtis*, 913 F.3d at 1155; *see Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-CV-07874-LB, 2022 WL 161892, at *4 (N.D. Cal. Jan. 18, 2022) (citing *Curtis* and concluding that "similarly, the plaintiff's right to meal breaks . . . is conferred by the CBA because the CBA satisfies the statutory exemption to meal periods under Cal. Labor Code § 512(e)); *Giles v. Canus Corp.*, No. 22-CV-03097-MMC, 2022 WL 3370793, at *5 (N.D. Cal. Aug. 16, 2022) (holding that where Section 512(e) applies, the right to meal breaks exists solely because of the CBA) (citing *Marquez*, 804 Fed. App'x at 680). Higgs's meal break claims are preempted.

**4. Wage Order 16 (Rest Break Subclaim)**

Monterey Mechanical argues that Higgs's rest break subclaims are preempted because an exemption to Industrial Welfare Commission Order 16-2001 (IWC Wage Order 16) applies. *See* Cal. Code Regs. tit. 8, § 11160 (2002). Subsection 11 of that Order requires employers to provide ten minutes of rest for every four hours worked. *Id.* § 11160(11)(A). Subsection 11(E), however, provides that "[t]his section shall not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection." *Id.* § 11160(11)(E). Here, the CBA provides that "[t]he rest period provisions of this Agreement will be interpreted consistently with the rest period requirements of Industrial Welfare Commission Wage Order 16." ECF No. 28 (citing ECF No. 1 at 58).

Higgs does not address the relationship between Subsection 11(E) and LMRA preemption under *Curtis*, arguing only that her rest break subclaims do not require interpretation of the CBA. *See* ECF No. 25 at 13; ECF No. 29 at 10. She also states that "[t]he applicability of Wage Order 16 is inapplicable because this claim is brought pursuant to Cal. Lab. Code § 226." ECF No. 29 at 10–11. While Labor Code Section 226 does not pertain to rest breaks, Section 226.7 prohibits an

employer from "requir[ing] an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health." Cal. Lab. Code § 226.7. It therefore does not appear that Section 226.7 provides any standalone right to rest breaks, and Higgs has identified no other source of such a right outside of the CBA itself. The Court concludes that Higgs's rest break subclaims are preempted by the LMRA.

**5. Section 204(c) (Derivative Subclaim for Failure to Pay All Wages Earned Twice per Month)**

Higgs's fourth subclaim is for the failure to pay all wages earned twice per month in violation of California Labor Code Section 204. ECF No. 1 ¶¶ 25–26. This claim is derivative of Higgs's meal period, rest period, overtime, and off-the-clock minimum wage claims, because it alleges that employees "were not paid all wages for all meal periods not provided by Defendants, all wages for all rest periods not authorized and permitted by Defendants, and all wages for all hours worked." *Id.* ¶ 26.

Higgs first argues that this claim is not preempted because the underlying minimum and straight time wage claims are not preempted. ECF No. 25 at 14. Higgs is correct that whether derivative claims are preempted generally turns on whether the underlying claims are preempted. *See, e.g.*, *Fennix v. Tenderloin Hous. Clinic, Inc.*, No. 20-CV-05207-DMR, 2020 WL 6462394, at *6 (N.D. Cal. Nov. 3, 2020); *Alexander v. Republic Services, Inc.*, No. 2:17-0644 WBS AC, 2017 WL 2189770, at *6 (E.D. Cal. May 18, 2017); *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-cv-07874-LB, 2022 WL 3641010, at *4 (N.D. Cal. Aug. 23, 2022); *Gay v. Pacific Steel Group*, No. 20-cv-08442-HSG, 2023 WL 6048784, at *7 (N.D. Cal. Sept. 15, 2023).

Here, however, a statutory exemption applies specifically to the derivative claim which is therefore independently preempted. Namely, California Labor Code Section 204(c) provides that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those pay arrangements shall apply to the covered employees." Cal. Lab. Code § 204(c). As Monterey Mechanical argues, courts have repeatedly found that where Section

204(c) applies, claims under Section 204 are preempted. *See Hall v. Live Nation*, 146 F. Supp. 3d at 1202; *Ariola v. Raytheon CA Techs. Corp.*, CV 23-4691-MWF (AGRx), 2023 WL 5764296, at *9 (C.D. Cal. Sept. 6, 2023); *Tolentino v. Gillig*, LLC, No. No. 20-cv-07427-MMC, 2021 WL 121193, at *3 (N.D. Cal. 2021). This claim is preempted.

**6. Industrial Wage Order 16-2001(8)(B) (Expense Reimbursement Subclaim)**

Monterey Mechanical argues that Higgs's expense reimbursement subclaim is preempted because of Wage Order 16, Section 8(B), which provides that employers are not required to reimburse employees for tools or other equipment customarily required by a particular trade or craft if the employee earns at least two times the state minimum wage. ECF No. 28 at 17; *see* Cal. Code Regs. tit. 8, § 11160(8)(B) (2002). Higgs does not respond to this argument in her reply. ECF No. 29 at 12. Under the analysis required by *Curtis*, Higgs's expense reimbursement subclaim is barred under state law and can only arise under the CBA. It is preempted.

**B. Off-the-Clock Unpaid Wage Subclaim**

Higgs's first sub-claim is for failure to pay "for all hours worked, including minimum wages, straight time, and overtime wages." ECF No. 1 at 30, ¶ 18. This is an "off-the-clock" claim for uncompensated meal periods or work performed after clocking out for the workday. *Id.*

As the Court has explained, Higgs's labor code claims for failure to pay overtime are barred by Section 514. To the extent that her off-the-clock claim concerns overtime hours for which she received no overtime pay, it is barred for the same reason. *See Chavez v. Smurfit Kappa N. Am. LLC*, No. 2:18-CV-05106-SVW-SK, 2018 WL 8642837, at *4 (C.D. Cal. Oct. 17, 2018) (concluding that off-the-clock minimum wage claims were preempted under the LMRA because their only basis was unpaid overtime and Section 514 applied); *see also Thieroff v. Marine Spill Response Corporation*, No. CV216075DMGMRWX, 2022 WL 2965393, at *4 (C.D. Cal. June 6, 2022) (concluding that to the extent an off-the-clock minimum wage claim "is derivative of the overtime claim or is otherwise covered by the CBAs, it is preempted").

As to the claim for unpaid straight time, as Monterey Mechanical argues, only the CBA provides Higgs's right to be compensated at the CBA rate. ECF No. 28 at 14. Higgs identifies no

provision of state law entitling her to the rate provided for in the CBA. Any claim seeking to recoup unpaid wages at the CBA rate is therefore also preempted.

In her briefing, Higgs focuses on the minimum wage component of this claim, arguing that "applicable state law provides a comprehensive framework within which a factfinder may determine when and to what extent the basic, non-waivable state law right to receive a minimum wage has been violated." ECF No. 25 at 11–12. Indeed, such off-the-clock claims only require the court "to decide whether defendants paid plaintiff and putative class members minimum wages for all hours they worked, an inquiry that does not implicate any CBA provisions." *Alexander v. Republic Servs., Inc.*, No. CV 2:17-0644 WBS AC, 2017 WL 2189770, at *3 (E.D. Cal. May 18, 2017). Other courts have thus found such claims not preempted by LMRA Section 301. *Id.*; *see also Rodriguez*, 2022 WL 3641010, at *5 (holding that because state law defines hours worked and dictates a minimum wage that must be paid for those hours, "there is no need to apply the CBA to resolve [off-the-clock minimum wage] claims" which are thus not preempted).

As the Court determined at the outset, Higgs's sole PAGA claim is preempted in its entirety because of Section 2699.6(a). As to her off-the-clock claims, the Court determines that they are *additionally* preempted to the extent they are predicated on unpaid overtime or straight time, but not to the extent they are predicated on the failure to pay minimum wage.

**C. Derivative Subclaims**

Higgs brings subclaims for failure to maintain accurate records under California Labor Code § 1174(d), failure to timely pay wages and termination under Labor Code §§ 201 and 202, and failure to furnish accurate itemized wage statements under Labor Code § 226(a). *See* ECF No. 1 at 33–35. She concedes that these claims are derivative of others already discussed (e.g., claims for missed rest and meal breaks or unpaid off-the-clock hours) and that these claims are preempted to the extent that they derive from other preempted claims. ECF No. 25 at 15 (Higgs stating that the derivative claims are not "preempted to the extent they are predicated upon other non-preempted claims"); *see Giles*, 2022 WL 3370793, at *6–7 (derivative claims preempted where underlying claims are preempted); *Fennix*, 2020 WL 6462394, at *6 (same); *Rodriguez*, 2022 WL 3370793, at *4 (same). These derivative claims are therefore additionally preempted under

Section 301 to the extent they are predicated on preempted claims.

**D. CBA Grievance Procedure**

Once a state law claim has been found to be preempted under Section 301, "most often 'that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law.'" *Kobold*, 832 F.3d at 1034 (quoting *Lueck*, 471 U.S. at 220). "As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965). Thus, an employee can only maintain a preempted claim "if she can demonstrate that her remedies under the [CBA] were exhausted . . . or that her union breached its duty of fair representation in failing to do so." *Kobold*, 832 F.3d at 1036. Here, the applicable CBA provides for mandatory arbitration. ECF No. 1 at 84–88. Higgs has not argued that she exhausted her remedies under the CBA, nor does she argue that the union breached its duty of fair representation in failing to pursue her arbitrable claims. Monterey Mechanical is entitled to judgment on the pleadings.

**CONCLUSION**

For the reasons set forth in this order, Higgs's motion to remand is denied. Monterey Mechanical's motion for judgment on the pleadings is granted. "Rather than entering judgment, however, the Court will dismiss said claims with leave to amend." *Giles*, 2022 WL 3370793, at *7 (citing *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) ("Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment")). Within 28 days, Higgs may file an amended complaint addressing the deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated: July 24, 2026

JON S. TIGAR
United States District Judge